FILED
U.S. District Court
District of Kansas

SEP 8 2014

Clerk, U.S. District Court
By  CM  Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No. 14-10144-01-EFM
)
RYAN CARL LOWMASTER, )
)
Defendant. )
_____ )

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Jason W. Hart, and Ryan Carl Lowmaster, the defendant, personally and by and through defendant's counsel, John Gillett, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to waive indictment and plead guilty to Counts 1 and 2 of an Information charging two violations of Title 18, United States Code, § 922(g)(1), commonly known as Felon in Possession of a Firearm. By entering into this plea agreement, the defendant admits to knowingly committing these offenses, and to being guilty of these offenses. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Information to which the defendant has agreed to plead guilty is not more than ten (10) years of imprisonment, a $250,000 fine, not more than three (3) years of supervised release, and a $100 mandatory special assessment. The defendant understands that the maximum sentence which may be imposed as to Count 2 is the same, and the term of imprisonment may be made to run consecutive to Count 1, such that the maximum term of imprisonment is not more than twenty (20) years.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

In 2006, in Sedgwick County Case 05-CR-3090, the defendant Ryan C. Lowmaster was convicted and sentenced to more than a year after convictions for felony offenses including Aggravated Burglary, Robbery, and Burglary of a Dwelling. As a result of this conviction, Ryan C. Lowmaster is a person prohibited from possessing firearms.

On or about November 13, 2012, the defendant Ryan C. Lowmaster entered a shed owned by R.D.B., located at 239 21000 Road in Labette County, Kansas, and removed a large quantity of firearms belonging to R.D.B, including:
1) Ruger Model 77 .220 Swift, unknown serial number;
2) Ruger Model 77 .22-250, SN 710-92865;
3) Browning 10 gauge shotgun, SN 43750NN121;
4) Kimber Model 82 .22 caliber, SN 510;
5) Kimber Model 82 .22 caliber, SN 462, with scope;
6) Winchester Model 70 .243 caliber rifle, SN G1229113;
7) Winchester Model 70 30.06 caliber rifle, SN G1774205;
8) Remington Model 721 30.06 caliber rifle, SN 413281;
9) Remington Model 700 .222 caliber rifle, SN 107869;
10) Winchester Model 62A .22 caliber rifle, SN 279137;
11) Winchester Model 72 .22 caliber rifle, unknown serial number;
12) Winchester Model 69A .22 caliber rifle, unknown serial number;
13) Remington Model 12 .22 caliber, SN263654;
14) Savage Model 6A .22 caliber rifle, no serial number available;
15) JC Higgins Model 50 270 caliber rifle, unknown serial number;
16) JC Higgins Model 50 30.06 caliber rifle, SN 12502;
17) JC Higgins Model 51 30.06 caliber rifle, unknown serial number;
18) JC Higgins Model 50 .270 caliber rifle, SN 37100;
19) JC Higgins Model 50 30.06 caliber rifle, no serial number available;
20) Mauser Model 98 8mm rifle, SN 2088
21) Springfield 1903 30.06 caliber rifle, SN 1277104;
22) Springfield Mauser Model 1903 30.06 caliber rifle, SN 465073419, with scope;
23) Mauser .308 rifle, SN A5005;
24) Mauser Model 1907 30.06 caliber rifle, SN A1643;
25) Remington Rolling Block Rifle 43 Spanish caliber (initials of victim carved into stock);
26) Winchester Model 62 22 caliber rifle, SN 65357A;
27) Marlin Model 39A 22 caliber rifle, SN 23254200;
28) Remington Model 722 222 caliber rifle, SN 426483, with scope;
29) unknown make/model 410 gauge shotgun, SN 41195;
30) Remington rifle, unknown model or caliber, SN 3289323;

31) Springfield Arms 30.06 rifle, SN 1356208; and
32) Remington Model 722 unknown caliber rifle, SN 22388, with scope.

The defendant Ryan C. Lowmaster took the firearms and attempted to sell them. A few days after the November 13 theft, Lowmaster was seen with the firearms by J.R. Lowmaster attempted to devise a story to attribute the theft of the firearms to J.R. This story was revealed by T.B., who described to law enforcement how Lowmaster enlisted T.B. to remove the firearms from the shed and then provided T.B. a handwritten version of events to tell law enforcement if T.B. was questioned.

On November 20, 2012, the defendant Ryan C. Lowmaster was stopped for a traffic violation as the driver and sole occupant of a vehicle in Wilson County, Kansas. Lowmaster was unable to provide a valid driver's license or insurance, and he was arrested when it was discovered that the license plate on the car he had been driving was stolen. Lowmaster told law enforcement that there were drugs in the car, which was then searched. Law enforcement found methamphetamine along with a Smith & Wesson Model 15 .38 caliber handgun (SN 34K0304), a Beretta Model U22 NEOS-22 .22 caliber handgun (SN P54073) and ammunition during the search of the vehicle. The Smith & Wesson handgun was located on the front passenger seat and the Beretta handgun underneath the front center console.

The defendant Ryan C. Lowmaster also admits and acknowledges that, for the 34 of the firearms thus far recovered in the state of Kansas, listed above, none of those firearms were manufactured in the state of Kansas and all of those firearms traveled in interstate commerce.

3. **Application of the Sentencing Guidelines.** The parties request that the United States Sentencing Guidelines (Guidelines) be used to calculate the applicable sentencing range in this case, and that a sentence consistent with the guidelines be imposed by the Court. The parties understand that the guidelines are advisory, and that correct calculation of the applicable guideline is one part of the sentencing factors that the Court shall consider pursuant to Title 18, United States Code, § 3553(a)(4)(A). The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an information and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any

reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines.

The defendant specifically agrees and stipulates that the following guidelines and special offense characteristics apply to his conduct: the base offense level in § 2K2.1(a)(4)(A); § 2K2.1(b)(1)(C) based on the number of firearms involved being 25-99; § 2K2.1(b)(4)(A) based on the firearms being stolen; § 2K2.1(b)(5) based on the defendant engaging or intending to engage in the trafficking of firearms; § 3C1.1 based on the defendant's attempt to impede the investigation of the offense in Count 1.

4.  **Relevant Conduct.** The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that all other uncharged related criminal activity in Counts 1 and 2 of the Information may be considered as relevant conduct for purposes of calculating the offense levels for Counts 1 and 2, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5.  **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

    a.  To not file any additional charges against the defendant arising out of the facts forming the basis for the present Information;

    b.  To recommend a sentence at the low end of the applicable guideline range;

    c.  To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if the defendant's offense level is 16 or greater, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of intention to enter a plea of guilty.

d.  To not request an upward departure from the applicable sentencing guideline range if the defendant agrees not to request a downward departure;

e.  To file a motion pursuant to § 5K1.1, if appropriate, as discussed in ¶7 below.

The government's obligation concerning its agreements listed in ¶5 are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.

In the event the Court finds the defendant has breached this plea agreement or has otherwise failed to adhere to its terms, the United States shall not be bound its agreements listed in ¶5 and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. Further, the defendant understands and agrees that in the event the Court finds that the defendant has breached this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6. **Defendant's Agreements.** The defendant agrees to waive Indictment, enter his plea of guilty as outlined herein as soon as the Court's calendar permits, and that he will not seek release pending his plea and sentencing. The defendant agrees to cooperate fully and truthfully with the United States as follows:

   a. Defendant agrees to provide truthful, complete, and accurate information and testimony in the trial of this matter, before any grand jury proceeding, or in any related hearing;

   b. Defendant agrees to provide all information concerning the defendant's knowledge of, and participation in, the offenses charged in the information and all related conduct;

   c. Defendant agrees that if the United States determines the defendant has not provided full and truthful cooperation, or has committed any local, state, or federal crime between the date of this plea agreement and sentencing, or has otherwise violated any other provision of this plea agreement, the plea agreement may be voided and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, perjury, obstruction of justice, and any substantive offenses arising from this investigation. Such prosecution may be based upon any information provided by the defendant during the course of the defendant's cooperation, or upon leads derived therefrom, and this information may be used as evidence against the defendant. In addition, the defendant's previously entered plea of guilty will remain in effect and cannot be withdrawn; and

   d. Defendant agrees to fully and completely assist the United States in the identification and recovery of forfeitable assets, either domestic or foreign, which have been acquired directly or indirectly through the unlawful activities of the defendant, co-defendants, and/or co-conspirators and further agrees to not contest any forfeiture proceedings.

The defendant also agrees to pay restitution to:

   a. Colt Energy, in the amount of $1,035.00;

   b. Roger E. King, in the amount of $4,100.00;

   c. Rodney D. Brimm, in the amount of $6,350.00; and

d.  Kansas Bureau of Investigation, in the amount of $400.00.

The defendant further agrees that, if the defendant commits a new criminal offense (state or federal) prior to sentencing in this case, the defendant will recommend he receive the maximum term of his applicable guideline range at the time of sentencing in this case.

7.  **Substantial Assistance.**  The defendant acknowledges that substantial assistance has not yet been provided by the defendant within the meaning of U.S.S.G. § 5K1.1 and Title 18, United States Code § 3553(e).  The defendant also acknowledges and understands that the determination as to whether the defendant has provided substantial assistance and whether a motion pursuant to U.S.S.G. § 5K1.1 will be filed are left entirely and exclusively within the discretion of the United States.  If a determination is made by the United States the defendant has provided substantial assistance, the United States shall request that the Court consider reducing the sentence the defendant would otherwise receive under the applicable statutes and/or sentencing guidelines pursuant to Title 18, U.S.C. § 3553(e), Title 28, U.S.C. § 994(n), and U.S.S.G. § 5K1.1.

8.  **Sentence to be Determined by the Court.**  The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge.  The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

9.  **Information Provided by Defendant.**  The United States agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8.  As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable guideline range or departing above guideline range.  However, the defendant also understands

and agrees that, under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a government motion pursuant to Title 18, U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 is warranted.

**10. Identification of Assets & Agreement Concerning Monetary Penalties.** The defendant agrees to cooperate fully with the United States Attorney's Office (USAO) and specifically:

a. Provide a financial statement on a form approved by the USAO that discloses all assets in which defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party, as well as any transfer of assets that has taken place within 3 years preceding the entry of this plea agreement.

b. Submit to an examination, which may be taken under oath and may include a polygraph examination.

c. Acknowledges that any waivers, consents, or releases signed by the defendant for purposes of the Presentence Investigation Report extends to the USAO.

d. Will not encumber, transfer, or dispose of any monies, property or assets under his/her custody or control, without written approval from the USAO.

e. The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility

Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

f. The defendant authorizes the U.S. District Court to release the funds posted as security for his/her appearance bond in this case to be applied to satisfy the financial obligations of the defendant, pursuant to the judgment of the Court.

g. The defendant waives any requirement for demand of payment on any fine, restitution, or assessment the District Court announces on the record the day of sentencing.

11. **Withdrawal of Plea Not Permitted.** The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

12. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The burden of establishing an inability to pay the required special assessment lies with the defendant.

13. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited

to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

**14.** **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

**15.** **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**16.** **Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's

criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

17. **Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

18. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this

(CONTINUED ON NEXT PAGE FOR SIGNATURES)

agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_____  Date: 9/8/2014
Jason W. Hart, Assistant U.S. Attorney
301 N. Main, Suite 1200
Wichita, Kansas 67202
(316) 269-6481
Kan. Sup. Ct. No. 20276


_____  Date: 9/8/2014
Debra Barnett, Assistant U.S. Attorney
Criminal Coordinator, Wichita


_____  Date: 9/8/2014
Ryan Carl Lowmaster
Defendant


_____  Date: 9-8-2014
John Gillett, Attorney at Law
818 S Santa Fe, Suite A
Chanute, KS 66720
(620) 431-1999
Attorney for Defendant