# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>               Plaintiff,<br><br>v.<br><br>RYAN CARL LOWMASTER<br><br>               Defendant. | Case No. 14-CR-10144-01-EFM |

**UNITED STATES' RESPONSE TO MOTION TO REDUCE SENTENCE (DOC. 86)**

The defendant's motion requests release under the "compassionate release" provisions of 18 U.S.C. §3582. More specifically, the defendant's motion proposes that "extraordinary and compelling" reasons exist under 18 U.S.C. §3582(c)(1)(A)(i) to justify his requested reduction. The United States disagrees.

The statute at issue provides, in pertinent part, that the Court many *not* modify a term of imprisonment once it has been imposed, except:

> (1) in any case—
>   (A) the court… upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>     (i) extraordinary and compelling reasons warrant such a reduction…
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…

See 18 U.S.C. §3582(c)(1). The reference to the "applicable policy statements" issued by the Sentencing Commission directs the Court to U.S.S.G. § 1B1.13.

The commentary to §1B1.13 sets forth possible bases for a finding of extraordinary and compelling circumstances, including the medical condition of the defendant, the age of the defendant, and certain family circumstances.[1] In the latter category, the commentary identifies the family circumstances as "the death or incapacitation of the caregiver of the defendant's minor child or minor children" or "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." The commentary does not include the death of one's parent, or the medical condition of a parent.

While the death of the defendant's father has been shown by the attachment of the obituary, the death of a parent is an insufficient basis for release. The defendant contends that his surviving mother is "not in the best health." Setting aside the fact that "parental health" is not a circumstance contemplated in the policy statement, the defendant fails to make an adequate showing. The defendant presents no medical records indicating his mother requires attendant care, or that her health issues present imminent crisis. At best, the defendant suggests his mother may suffer potential degradation of health, an unfortunate yet inescapably natural consequence of aging. While it may arouse sympathy, that circumstance is neither extraordinary nor compelling.

Also, it bears noting the defendant is one of three siblings born to his parents. See Doc. 31, ¶79. Both siblings live in Kansas, in reasonable proximity to their mother. *Id*. There is no evidentiary support to show that his siblings are unable to provide support to their mother, or that the defendant's presence is necessary to address whatever health conditions may exist.

---

[1] The commentary also includes "other reasons" as determined by the Director of the Bureau of Prisons. This is not applicable to the current motion, which is presented by the defendant rather than the Director of BOP.

Additional guidance on this issue presents in the policy statement at U.S.S.G. §5H1.6, which expressly states "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." Application Note 1(B)(ii) indicates the circumstances must substantially exceed the harm ordinarily incident to incarceration because "such hardship or suffering is of a sort ordinarily incident to incarceration." The defendant does not show how his incarceration substantially exceeds ordinary harm. Likewise, Application Note 1(B)(iii) indicates there must be "no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family." Again, the defendant does not show how other programs, or persons, are not available.

To the extent the defendant contends that the dismissal or recall of warrants on the other matters support a reduction, this Court indicated it did not rely on those matters at the time the Court revoked his sentence. Moreover, the defendant provides no authority for his suggestion that subsequent prosecutorial decisions at the local or state level support modification or reduction of sentence. Neither 18 U.S.C. §3582 nor any provision in the Guidelines indicate provide such basis for modification. Moreover, it would not be unusual for a state or local authority to dismiss or recall a pending warrant in light of this Court's imposition of a 24 month custodial sentence on July 24, 2018.

The defendant's motion should be denied.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

s/Jason W. Hart
JASON W. HART
Ks. S.Ct. No. 20276
Assistant United States Attorney
District of Kansas

301 N. Main, Suite 1200  
Wichita, Kansas 67202  
(316) 269-6481  
Jason.Hart2@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on April 5, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. A copy of this documents will be mailed to the defendant at the following address: Ryan Carl Lowmaster, #24595-031, FCI Talladega, P.O. Box 1000, Talledega, AL, 35160.

      s/Jason W. Hart  
      JASON W. HART  
      Assistant United States Attorney