IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v | ) | Case No.:  14-10144-EFM |
| | ) | |
| RYAN CARL LOWMASTER, | ) | |
| | ) | |
| *Defendant*. | ) | |
| _____ | ) | |

**ORDER**

Defendant Ryan Lowmaster has filed a motion pro se to modify his term of imprisonment (Doc. 86).  He bases his request upon 18 U.S.C. § 3582, which allows a reduction upon extraordinary and compelling circumstances that could not have been foreseen at the time of sentencing.  Specifically, he complains that he submitted his request as required administratively to the Bureau of Prisons (BOP) on January 29, 2019, and that the BOP refused to act upon the request within 30 days of receipt of the request, giving him the right to bring his request to this Court.

18 U.S.C. § 3582 allows a compassionate reduction in sentence upon certain stated events.  It sets forth an administrative process for an inmate to follow, to exhaust his administrative rights within the BOP.  However, if the BOP does not timely respond to the inmate's request, he is permitted to bring the action before the Court.  It does appear that Lowmaster filed his request with the BOP on January 29, 2019, and that the BOP failed to act in any way upon that request.  So, the Court finds that his filing is properly before it.

However, the Court cannot find that the request itself states adequate reasons for reduction of his sentence and release from incarceration. Lowmaster relies upon the recent unexpected death of his father, leaving his 70-year old mother home alone "not in the best of health." But the requirements for compassionate release for family circumstances include the inmate's minor children or spouse, leaving the inmate as the only available caregiver. They do not include the inmate's parents.

Furthermore, Lowmaster makes no showing of his mother's medical condition being "extraordinary and compelling;" only stating that she is "not in the best of health." Finally, although he notes that she has "no family within 3 hours of her" his Reply brief (Doc. 88) acknowledges that he has a sister who lives "3 hours away in Kechi, Kansas," which the Court takes judicial notice is approximately 125 miles and exactly 2 hours (according to Google Maps, and via U.S. Highway 400) from his mother's home in Cherryvale. Therefore, other family options exist for whatever care his mother may need.

THEREFORE, because he has failed to adequately demonstrate that he has met the grounds for a compassionate reduction in his sentence, his Motion to Modify Term of Imprisonment (Doc. 86) is DENIED.

IT IS THEREFORE ORDERED,

Dated this 30th day of April, 2019.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE